■ In the Matter of MARSA R. CERONE, Respondent, v BRUCE D. CERONE, Appellant.—In a child support proceeding, brought pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), the appeal is from an order of the Family Court, Suffolk County, dated March 4, 1976, which adjudged (1) that appellant had not rebutted the presumption of legitimacy, (2) that the defense of the Statute of Limitations is without merit as such a defense is only available where the child has been born out of wedlock and (3) that the child is presumed to be legitimate. Leave to appeal from this nondispositional order has not been sought. We are, however, compelled by the issues presented herein to grant such leave *sua sponte* (see Family Ct Act, § 1112). Order affirmed, with costs. We think, as did the Family Court, that the parties' marriage, however brief, acted to define the child's lineage and to legitimize her, presumptively, within the dictates of subdivision 1 of section 33 of the Domestic Relations Law. Appellant has failed to offer proof to rebut such presumption, and, accordingly, he must be responsible for the support of the child. The Statute of Limitations defense interposed by him is viable only where the child in question is born to parents who have never been married to each other, i.e., out of wedlock, and an adjudication of paternity is necessary pursuant to article 5 of the Family Court Act (see Domestic Relations Law, § 33, subd 5; *Matter of Gloria M. v Frank T.,* 66 Misc 2d 1096). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ In the Matter of DENIS DILLON, as District Attorney of Nassau County, New York, Appellant, v PETER CUOMO, Respondent.—In a proceeding pursuant to section 415.00 of the Penal Law to declare the forfeiture of a motor vehicle, the appeal is from an order of the Supreme Court, Nassau County, dated November 24, 1976, which, after a hearing, (1) denied petitioner's application to declare a forfeiture of the vehicle and (2) directed the return of certain moneys to respondent. Order modified, on the facts, by deleting therefrom the provisions denying the application to declare a forfeiture of the vehicle. As so modified, order affirmed, without costs or disbursements. The petitioner established by a fair preponderance of the credible evidence that the vehicle in question was used in the transportation of gambling records. Latham, Margett and O'Connor, JJ., concur; Martuscello, J. P., dissents and votes to affirm the order upon the opinion of Mr. Justice Wager at Special Term.