■ In the Matter of JANET McMILLAN, Appellant, v CLIFTON J. McMILLAN, Respondent.—In a child support proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) and the Uniform Reciprocal Enforcement of Support Act of North Carolina (NC Gen Stat ch 52A), the petitioner appeals from an order of the Family Court, Rockland County (Bergerman, J.), dated March 6, 1987, which denied her objections to an order of the same court (Hochberg, H.E.), dated August 14, 1986, dismissing the petition with "leave to the petitioner to move for reinstatement

upon a showing of facts sufficient to form a predicate requiring that the Respondent pay support".

Ordered that the order dated March 6, 1987 is reversed, on the law, with costs, the petitioner's objection to the order of the Hearing Examiner which dismissed the petition is sustained, the petition is reinstated, the order of the Hearing Examiner is vacated, and the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.

The petitioner contends that the Hearing Examiner and the Family Court erred in dismissing the instant support proceeding on the ground that the paternity of the child was never established. We agree.

The parties' marriage subsequent to the birth of the child acted to define the child's lineage and to legitimize him, presumptively, within the dictates of Domestic Relations Law § 33 (1) *(see, Matter of Cerone v Cerone, 58 AD2d 602)*. Unless the respondent can offer proof to rebut such presumption, he must be held responsible for the support of the child *(see, Matter of Cerone v Cerone, supra)*.

Accordingly, the matter is remitted to the Family Court for a determination of the amount of support warranted by the facts and circumstances of this case. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.